

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 02 2018

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARRY VARDAMAN                                              PLAINTIFF

VS.                          CASE NO. 4:18-cv- 503 – SWW

ROBERT WILKIE, In
His Official Capacity as the
SECRETARY OF THE DEPARTMENT
OF VETERANS AFFAIRS                                          DEFENDANT

<u>COMPLAINT</u>  **This case assigned to District Judge** _Wright_
                **and to Magistrate Judge** _Volpe_

<u>Introduction</u>

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e et seq. (Title VII of

the Civil Rights Act of 1964, as amended), the Age Discrimination in Employment Act (ADEA),

which is codified at 29 U.S.C.S. §§ 621-634,  in order to recover damages against the defendant

for the unlawful discriminatory employment practices that the plaintiff, Barry Vardaman, has been

subjected to, all on account of his sex (male) and age (52)[1].   This is an action for declaratory

judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the

parties.  The plaintiff is also seeking equitable relief and injunctive relief as well.

I.
<u>Jurisdiction</u>

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331,

1343, 1391, 42 U.S.C. §§ 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended),

and 29 C.F.R. § 1614.110, 42 U.S.C. § 1981, 29 U.S.C. § 626 (ADEA), and 42 U.S.C. § 1983.

---

[1] At the time of the employment decision that is in question, the plaintiff was 52 years old.  However, the plaintiff
was born in February 1963, making his current age 55 years old.

1

2.    The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Pulaski County, Arkansas.

## II.
## Parties

3.    The plaintiff is a Caucasian male, fifty-five (55) years old, and is a resident of the United States of America.

4.    The defendant Robert Wilkie, is the Secretary of the United States Department of Veterans Affairs, and is being sued in his official capacity.

5.    The defendant Robert Wilkie, as the Secretary of the United States Department of Veterans Affairs, is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

## III.
## Facts

6.    The plaintiff is currently employed by the Department of Veterans Affairs, and works as a physical therapist.

7.    During the time period in question, the plaintiff worked in the pay grade of GS-11, Step 10; however, due to a reorganization, the plaintiff was recently placed in the GS-12 position.

8.    The plaintiff started his career with the Department of Veterans in January 1998.

9.    The plaintiff in February 1963, and is currently fifty-five (55) years old.

10.    Mr. Vardaman works for the Department of Veterans Affairs – Central Arkansas Veterans Healthcare System (CAVHS), John L. McClellan, in Little Rock, Arkansas, working in the Physical Medicine and Rehab Service for Physical Therapy.

11.    The plaintiff works under the direct supervision of Michelle Briggler, and Robin Atkins serves as the plaintiff's second line supervisor – both supervisors are female employees.

12.    During the time period of 2009-2010, the plaintiff worked in a female dominated department.

13.    Upon information and belief, there were approximately eighteen (18) physical therapists working in Physical Medicine and Rehab Service, including the plaintiff, of which there were five (5) male employees.

14.    Until recently, the plaintiff was at the GS-11, Step 10 position for the past 10 years, with no opportunity for upward mobility.

15.    In 2009, the physical therapist qualifications changed, raising the full performance level from that of a GS-10 to GS-11, and the specialty performance to GS-12 – the plaintiff was considered specialty performance.

16.    In December 2009, the physical therapists were invited to apply for an upgrade to their positions.

17.    The plaintiff prepared his promotional package along with sixteen (16) other physical therapists, and turned his packet into his supervisors Michelle Briggler and Robin Atkins.

18.    Upon information and belief, the supervisors were then supposed to submit those promotional packages to the Southwest Regional Physical Therapy Review Board for consideration.

19.    Allegedly, all of the packages that were submitted by Michelle Briggler and/or Robin Atkins were denied by the Southwest Regional Physical Therapy Review Board.

20.    The policies of the human resources for the Department of Veterans Affairs, dictate that when an employee is turned down for a promotional opportunity, a notation is supposed to be made in their personnel file, in order to let the employee know where they went wrong, and how they can remedy the situation.

21.    There was never any information placed in the plaintiff's employee personnel file from the Southwest Regional Physical Therapy Review Board, providing the results of his 2009 promotional package.

22.    Furthermore, there was nothing in the plaintiff's employee personnel file that his promotional package was ever sent to the Southwest Regional Physical Therapy Review Board for consideration, as required by the policies of the human resources of the Department of Veterans Affairs.

23.    In approximately April 2010, the plaintiff was told by either Michelle Briggler or Robin Atkins, or both, that his promotional package was denied.

24.    Since submitting his original promotional package, the plaintiff has applied on two (2) to three (3) separate occasions, in an attempt to be promoted from the GS-11 position to the GS-12 position, but to no avail.

25.    The similarly situated female physical therapists, who are less qualified than the plaintiff and/or have less years of experience than the plaintiff and who are younger than the plaintiff, have been able to receive their GS-12 promotions with little to no difficulty, while the plaintiff and other male employees remained stagnated in their GS-11 positions.

26.    One of the male physical therapists was only able to get his GS-12 promotion, only after he contacted his U. S. Congressman, whose office intervened on his behalf.

27.    On or about August 17, 2015, the plaintiff discovered that there was no evidence in his personnel file, or in the human resources file that the plaintiff's promotional packages had actually been "boarded" for the GS-12 position.

4

28.     The plaintiff was never provided with any written reasons from the Southwest Regional Physical Therapy Review Board, as to why his 2009 Boarding Packet had been denied, or was the plaintiff provide with any written suggestions on how to improve his chances.

29.     The plaintiff requested that an internal investigation into the matter be conducted, and further the plaintiff requested that an outside independent person be selected to conduct the investigation.

30.     The plaintiff's request for an independent investigation into the matter was denied, rather management of the CAVHS appointed Michelle Briggler and/or Robin Atkins to investigate their own conduct into the matter.

31.     Upon information and belief, the plaintiff's promotional packets were never submitted for boarding, due to his sex and age.

IV.
Disparate Treatment

32.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31, supra., inclusive as though set forth herein word for word.

33.     Throughout the plaintiff's tenure with the defendant, he has been subjected to varied terms and conditions of his employment with the defendant based on his sex, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

34.     Most if not all of the female physical therapists, who are similarly situated as the plaintiff have been boarded and promoted to the GS-12 positions, while the plaintiff and other males have remained stagnated in their GS-11 positions.[2]

---

[2] The individuals who were promoted to the GS-12 positions, have now been promoted to the GS-13 positions, while the plaintiff was recently promoted to the GS-12 positions.

35.     Upon information and belief, Michelle Briggler and Robin Atkins have refused to submit the plaintiff's boarding packets to the Southwest Regional Physical Therapy Review Board for consideration, due to the plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

V.

Age Discrimination in Employment Act (ADEA)

36.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, supra., inclusive as though set forth herein word for word.

37.     The plaintiff is fifty-five (55) years old.

38.     The plaintiff has witnessed younger and less experienced physical therapists, who have gotten promoted above the plaintiff.

39.     The above-mentioned acts of discrimination as alleged herein, were committed against the plaintiff due to his age.

40.     The plaintiff was subject to disparate treatment on account of his age, in violation of the Age Discrimination in Employment Act (ADEA).

VI.
Procedural Requirement

41.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40, supra., inclusive as though set forth herein word for word.

42.     On May 3, 2018, the agency issued its Final Agency Decision (FAD) pursuant to 29 C.F.R. § 1614.110(b), advising the plaintiff that he had ninety (90) days to file her cause of action in federal court.  (**See Copy of Final Agency Decision attached herein as Plaintiff's Exhibit "A"**).

6

43.     This lawsuit is being filed within ninety (90) days of the plaintiff receiving the Final Agency Decision.

## VII.
## Damages

44.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43, supra., inclusive as though set forth herein word for word.

45.     As a direct and proximate cause of the discriminatory and retaliatory treatment that the plaintiff has been subject to, he has suffered mental anguish and humiliation, all to his damage in an amount to be proven at the trial of this matter.

46.     Also, as a direct and proximate cause of the discriminatory treatment that the plaintiff has been subjected to, he has suffered by way of loss income, and should be awarded back pay in an amount to be proven at trial.

47.     The plaintiff is also entitled to liquidated damages on his claim for age discrimination, in that the conduct of the defendant was willful.

## JURY DEMAND

48.     The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above described unlawful employment practices:

a.      declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.      reinstatement and back pay;

c.      compensatory and liquidated damages;

d.      the cost of prosecuting this action;

e.      attorney's fees;

f.      and for all other just, equitable, and legal relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145

Dated this 2nd day of August 2018.

8

5012576419

## DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
## WASHINGTON, D.C. 20420

| | |
|---|---|
| **Barry Vardaman,** ) | |
| ) | |
| *Complainant,* ) | |
| ) | |
| *v.* ) | **VA Case No. 2003-0598-2015105450** |
| ) | |
| **Acting Secretary,** ) | **EEOC Case No. 490-2016-00142X** |
| **Department of Veterans Affairs,** ) | |
| ) | |
| *Agency,* ) | |

## FINAL ORDER

It is the final action of this Department in the above-referenced matter to accept and fully implement the attached decision of the EEOC administrative judge.

If dissatisfied with this final action, the complainant may appeal or file a civil action as set forth below.

### RIGHT OF APPEAL

Within 30 days of receipt of this final action, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC 20013.** If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of General Counsel at the following address: **Department of Veterans Affairs, Office of General Counsel (024), 810 Vermont Avenue, NW, Washington, DC 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's Appellant Docketing Statement, must also be sent to the VA's Office of General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

PLAINTIFF'S
EXHIBIT
tabbies
A

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action:

within 90 days of receipt of this final action if no appeal to EEOC has been filed; or

within 90 days after receipt of the EEOC's final decision on appeal; or

after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **Robert Wilkie** as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Acting Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security.

2

5012576419

04:02:47 p.m.   05-16-2018   5/17

**The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date that complainant receives the final action from the Department or the Commission.

MAY – 3 2018

_____
MAXANNE R. WITKIN
Director, Office of
Employment Discrimination
Complaint Adjudication

_____
Date

Attachment:  EEOC Form 573

3