IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BARRY VARDAMAN  
       PLAINTIFF

V.         CASE NO. 4:18CV00503 SWW

ROBERT WILKIE, Secretary of the
Department of Veterans Affairs, in his
official capacity  
       DEFENDANT

## OPINION AND ORDER

Plaintiff Barry Vardaman ("Vardaman") sues his employer, the Department of Veterans Affairs ("VA"), claiming that the VA denied him a promotion because of his gender and age, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act, 29 U.S.C. " 621-634, (ADEA@). Before the Court is the VA's motion for summary judgment [ECF Nos. 10, 11, 12], Vardaman's response in opposition [ECF Nos. 12, 14, 15], and the VA's reply [ECF No. 16]. After careful consideration, and for reasons that follow, summary judgment is granted in favor of the VA.

1

## I. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

## II. Background

Vardaman, a male born in February 1963, has worked as a physical therapist at the Central Arkansas Veterans Healthcare System ("CAVHS") since January 1998. During the events in question, Robin Atkins ("Atkins") served as

Vardaman's second-line supervisor, and Michelle Briggler ("Briggler") served as his immediate supervisor.

The VA hired Vardaman as a clinical specialist, at the GS-11 grade level, Step 8, with an annual salary of $58,569. In 2001, Vardaman progressed to GS-11, Step 9, and in 2004, he progressed to GS-11, Step 10. In 2009, the VA's physical therapist qualification standards were changed such that GS-10 was raised to GS-11, and GS-11 was raised to GS-12. When these changes occurred, eligible GS-11 physical therapists, like Vardaman, were invited to apply for an upgrade to GS-12 by submitting a "promotion packet" or application to a regional professional standards board (the "Board").

Briggler and Atkins assisted GS-12 candidates with their promotion packets, and in spring 2010, seventeen GS-11 physical therapists, including Vardaman, submitted their applications to the Board, through Atkins and/or Briggler. The Board denied each request for promotion and returned the rejected applications to CAVHS. Contrary to VA policy and normal procedure, the rejected applicants did not receive written notice of the Board's decisions, and information about why the Board rejected the applications was not placed in the applicants' personnel files. Instead, the applicants received verbal notice from Atkins and/or Briggler that the applications had been denied.

3

Subsequently, Briggler and Atkins encouraged the rejected applicants to submit revised applications to the Board, and in fall 2010, Vardaman received an email message from Briggler inviting him to talk to her about making changes to his application for submission to the Board. Without information as to why his initial application was insufficient, Vardaman declined to revise it. Vardaman asked Briggler to resubmit his original application to the Board, with no changes, and she failed to do so.[1]

In fall 2011, Atkins called Vardaman to her office and told him that it was important for his future to improve his application. As Vardaman recalls, Atkins told him to "dress it up" and make it "sound a little better."[2] Vardaman saw no point in changing his application, and he instructed Atkins to resubmit his original application, without changes, and she failed to do so.[3]

At some point, Vardaman and two of his male coworkers, Forrest Montgomery ("Montgomery") and William Doerhoff ("Doerhoff"), noticed that female physical therapists were being promoted to GS-12. In 2014, Doerhoff complained to his congressman, and shortly thereafter the Board approved his promotion from GS-11 to GS-12. In August 2015, Vardaman discovered that his personnel file contained no evidence that his promotion application had been

---

[1] ECF No. 14-1, at 5 (Vardaman Dep., 50).
[2] ECF No. 11-1, at 52
[3] ECF No. 14-1, at 5 (Vardaman Dep., 52).

resubmitted to the Board as he had requested. Upon this discovery, Vardaman and Montgomery inquired about the status of their applications, and in September 2015, Vardaman received a memorandum from the VA's human resources department,[4] along with a form titled "Board Action."[5] The Board Action form, dated April 12, 2010, states in pertinent part as follows:

> In accordance with the requirements set forth in VA Handbook 5005, Part II, Appendix G12 Physical Therapy Qualification Standard dated February 18, 2009, the [Board] reviewed the qualifications, experience and other supporting documents for Barry Vardaman and has determined the employee does not meet the requirements for promotion to GS-12 at this time.
>
> The Functional Statement needs to be written to describe the position and duties of the position, not the person applying for the position. The General Description highlights accomplishments of the therapist rather than solely focusing on the Clinical Specialist Position: Soft Tissue Management. Furthermore, we do not see Soft Tissue Management as an area of specialized physical therapy practice.[6]

The memorandum that Vardaman received along with the Board Action form stated that "due to an administrative oversight," he had not been provided written notice of the Board's decision.[7] The memorandum also states: "If you would like to request reconsideration of the [Board] recommendation, please submit a written

---
[4]ECF No. 15-1, at 18.
[5]ECF No. 15-1, at 19-20.
[6]*Id.*
[7]ECF No. 15-1, at 18.

request to your supervisor within 30 days from the date you receive this memorandum."[8]

After receiving the September 2015 memo, Vardaman did not submit a written request to have his application for promotion reconsidered. However, Vardaman was eventually promoted to a GS-12 level in 2018, when the VA's physical therapist qualification standards changed again. Vardaman was promoted locally in 2018, and the Board's approval was not necessary.

### III.

**Failure to Resubmit Applications for Promotion**

Under the heading "Disparate Treatment," Vardaman's complaint charges that Briggler and Atkins refused to resubmit his spring 2010 application to the Board because he is male.[9] To establish a *prima facie* case of sex discrimination, Vardaman must demonstrate that he suffered an adverse employment action and that similarly-situated female employees were not treated the same. *See Schoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000).

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage.@ *Spears v. Missouri Dept. of Corrections*, 210 F.3d 850, 853 (8th Cir. 2000). Here, the record is void of

---

[8]Id.
[9]ECF No. 1, at 6.

evidence that the failure to resubmit Vardaman's rejected application amounted to an adverse employment action. Instead, the evidence indicates otherwise. According to the Board Action form that Vardaman finally received in September 2015, the Board rejected his application because the "Functional Statement" portion of the application was not written in a manner that described the duties of his position, which was necessary to determine whether he qualified for a GS-12 designation.[10]

Even if the failure to resubmit Vardaman's application qualified as adverse employment action, there is no evidence that Vardaman received unfavorable treatment compared to a similarly-situated female physical therapist. Vardaman has acknowledged that he is unaware of a single female physical therapist who received a promotion to the GS-12 grade level after resubmitting her original and rejected application to the Board.

The Court finds that the VA is entitled to summary judgment on Vardaman's claim that the failure to resubmit his rejected application amounted to sex discrimination.

---

[10]Vardaman testifies that the Board Action document demonstrates that "Briggler committed error in formulating [his] job description, which was part of the reason that [he] was denied the GS-12 promotion." ECF No. 15-1, at 18. However, he does not claim that Briggler committed such errors based on his gender or age.

**Failure to Promote**

Vardaman does not claim that the Board's rejection of his initial application for promotion, submitted along with sixteen other applications in spring 2010, amounted to gender discrimination. Instead, he claims that after Board rejected the initial applications, several CVAHS female physical therapists, who were less qualified and younger than he, received promotions from GS-11 to GS-12.

Because the record is void of direct evidence that the VA discriminated against Vardaman on the basis of his gender or age, he must raise a presumption of discrimination with a *prima facie* case showing that (1) he was a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was not selected for the position; and (4) the decision not to promote him occurred under circumstances that raise an reasonable inference of sex or age discrimination. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S. Ct. 2742, 125 L.Ed.2d 407 (1993) *overruled in part on other grounds by Gross v. FBL Fin. Servs., Inc.* 557 U.S. 167, 169–70 (2009)); *see also Arraleh v. Cty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006). If Vardaman makes a *prima facie* showing, the VA must rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for failing to promote him. *Id.* at 506–07, 113 S. Ct. 2742. If the VA does so, the burden of production shifts back to Vardaman to demonstrate that the VA's proffered reason is pretextual. *Id.* at 507–08, 113 S. Ct. 2742.

Vardaman has the initial burden to show that he applied and qualified for a promotion, but the record is void of any information regarding the VA's physical therapist qualification standards for the GS-12 grade level during the relevant period and whether Vardaman met those qualifications.

Even assuming the existence of a *prima facie* case of discrimination, the VA has provided a legitimate nondiscriminatory reason for failing to promote Vardaman: He refused to submit a revised application for promotion.[11] Accordingly, Vardaman shoulders the burden to show pretext. "'A plaintiff may show pretext, among other ways, by showing that an employer (1) failed to follow its own policies, (2) treated similarly-situated employees in a disparate manner, or (3) shifted its explanation of the employment decision.'" *Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1125–26 (8th Cir. 2017)(quoting *Schaffhauser v. United Parcel Serv., Inc.,* 794 F.3d 899, 904 (8th Cir. 2015)(quoting *Lake v. Yellow Transp., Inc.,* 596 F.3d 871, 874 (8th Cir. 2010)).

Here, Vardaman does not contend that the VA's reason for not promoting him sooner has changed over time, and it is undisputed that after the Board denied his application in spring 2010, he rejected Briggler's and Atkins's offers to assist

---

[11]According to Vardaman, if he had received written notice as to why the Board denied his initial application, he would have made the necessary corrections and submitted a revised application. Vardaman, however, is unaware of any CVAHS physical therapist who received such written notice before September 2015. Furthermore, when Vardaman did receive written notice in September 2015, he did not submit a revised application.

him in revising his application for reconsideration by the Board. According to Vardaman, if he had received written notice as to why the Board denied his initial application, as was required under VA policy, he would have made the necessary corrections and submitted a revised application. An employer's failure to follow its own policies may support an inference of pretext. *See Ledbetter v. Alltel Corp. Servs., Inc.*, 437 F.3d 717, 722 (8th Cir. 2006)(citing *Floyd v. State of Mo. Dep't of Soc. Servs.,* 188 F.3d 932, 937 (8th Cir.1999)). Here, however, the VA presents evidence that none of the spring 2010 applicants received written notice of the Board's decisions denying their applications, and Vardaman is unaware of any applicant who received such notice before September 2015. Furthermore, when Vardaman did receive written notice of the Board's decision in September 2015, he failed to submit a revised application. The VA's failure to follow its policy to provide written notice of personnel decisions, without additional evidence of pretext, fails to create an issue for trial.

"At the pretext stage, the test for whether someone is sufficiently similarly situated, as to be of use for comparison, is rigorous." *Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1126 (8th Cir. 2017)(quoting *Johnson v. Securitas Sc. Services USA, Inc.,* 769 F.3d 605, 613 (8th Cir. 2014)). Vardaman must show that he and female (or younger) employees who were promoted were similarly situated in all relevant respects. *Id*. "Additionally, the employees 'used for comparison

must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.'" *Id*.(quoting *Johnson*, 769 F.3d at 613). Vardaman fails to make this showing. When asked in deposition whether younger, female therapists who received promotions had revised or supplemented their original applications, he responded:

> I couldn't know what they did. I know that they applied and got approved. Since I have been abused in the past, I did not feel comfortable going through that process again. I don't trust them. That's why I haven't applied since.[12]

Attempting to show that his gender was the real reason why the VA did not promote him sooner, Vardaman offers affidavits by Montgomery and Doerhoff.[13] Doerhoff, who received a promotion in 2014 after contacting his congressman, began working for CAVHS in 2011, and he was not among the physical therapists who applied for a G-12 promotion in spring 2010. Doerhoff does not testify that he was denied a promotion based on his gender or age. Instead, he claims that VA managers were intentionally delaying his and other employees' applications for promotion.

Montgomery was among the seventeen CAVHS employees who applied and were rejected for a promotion spring 2010. He testifies that when he asked Atkins

---

[12]ECF No. 11-1, at 63 (Vardaman Dep., 63).
[13]ECF No. 15-1, at 21-22 (Doerhoff Aff.); ECF No. 14-1, at 15-19 (Montgomery Aff.).

11

why the Board rejected his application, she asked him, in a suggestive manner, what he had done for her lately. Montgomery recalls that Atkins told him that his promotional materials "did not count for shit," and she told him that he "did not get to" see a copy of the Board's decision. Montgomery testifies that he asked Atkins to resubmit his original application, and she denied his request. Montgomery states that he "can attest to consistent harassment and degradation of male employees by the female supervisory staff[.]"

The Court finds that Doerhoff's and Montgomery's testimony fails to demonstrate pretext. Neither affiant testifies that he was treated less favorably than a similarly-situated female employee, and the affidavits are devoid of any specific instances of disparate treatment based on gender. Further, Montgomery's claims regarding sexual harassment are "not on point" and fail to demonstrate pretext in Vardaman's specific case. *See Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 795 (8th Cir. 2011)

Finally, Vardaman reports that since 2010, the VA has approved thirteen physical therapists for promotion to the GS-12 grade level, and only two of those promoted were male. However, to constitute meaningful evidence of pretext, Vardaman must come forward with evidence that the females promoted by the VA during the relevant period were similarly situated to males who sought and were denied a promotion. Without more information, Vardaman's statistical evidence is

12

not enough to discredit the VA's proffered reason.  In sum, the Court finds that Vardaman has failed to offer evidence to demonstrate that the VA's nondiscriminatory explanation was pretextual, and the VA is therefore entitled to summary judgment in its favor.

## IV.

For the reasons stated, the Court finds no genuine issues for trial, and Defendant's motion for summary judgment [ECF No. 10] is GRANTED.  Pursuant to the judgment entered together with this opinion and order, the action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 12TH  DAY OF MARCH, 2020.

Susan Webber Wright  
UNITED STATES DISTRICT JUDGE